United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **JOGERT ABRANTES**,<br>           Plaintiff,<br>   v.<br>**NORTHLAND GROUP, INC.**,<br>           Defendant. | Case No.  14-cv-05311-YGR<br><br>**ORDER DENYING MOTION TO STAY ON PRIMARY JURISDICTION GROUNDS**<br><br>Re: Dkt. No. 24 |

Plaintiff Jogert Abrantes has filed a class action complaint against Northland Group, Inc. for violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. section 277 *et seq*. (Dkt. No. 1.)  Defendant Northland Group, Inc. filed its Motion to Stay the proceedings on primary jurisdiction grounds.  (Dkt. No. 24.)  Specifically, Defendant argues that resolution of two petitions pending before the Federal Communications Commission ("FCC")[1] will guide the outcome of the current complaint, and that the action should be stayed pending decision on those petitions under the doctrine of primary jurisdiction.

Having carefully considered the papers submitted and the pleadings in this action, and for the reasons set forth below, the Court hereby **DENIES** the Motion to Stay.

---

[1] *See United Healthcare Services, Inc.*, Petition for Expedited Declaratory Ruling, Dkt. No. 25, Ex. 1 ("*United* Petition") (seeking an exemption for "informational, non-telemarking" calls made to wireless numbers for which valid prior express consent was obtained but the number was subsequently reassigned to another individual); and *ACA International*, Petition for Rulemaking, Dkt. No. 25, Ex. 2 ("*ACA* Petition") (requesting an exemption for debt collectors who mistakenly call reassigned wireless numbers).

**I.    BACKGROUND**

Plaintiff filed a class action complaint alleging violations of the TCPA after Defendant placed "numerous" calls to Plaintiff's cell phone. (Dkt. No. 1 ("Complaint") at 3.) Plaintiff alleges that Defendant called to speak to Martin Walker, an individual who is unknown to Plaintiff and with whom Plaintiff has no relationship. (*Id.*) Plaintiff alleges that Defendant used an automatic telephone dialing system ("ATDS") to place the calls and that he did not consent to receive such calls. (*Id.*) Plaintiff seeks to represent a class of persons within the United States who received calls from Defendant or its agents in violation of the TCPA. (*Id.* at 4.)

Defendant has filed a motion to stay the proceedings pending the FCC's resolution of the *United* and *ACA* rulemaking petitions. It argues that a stay is appropriate under the doctrine of primary jurisdiction to allow the FCC to resolve the pending *United* and *ACA* petitions, which seek an exemption for calls made to reassigned wireless numbers.

In the *United* Petition, United Healthcare Services, Inc., ("UHS") on January 16, 2014, filed a petition requesting the FCC to clarify the applicability of the TCPA to "informational, non-telemarketing autodialed and prerecorded calls to wireless numbers for which valid prior express consent has been obtained but which, unbeknownst to the calling party, have subsequently been reassigned from one wireless subscriber to another." (*United* Petition at 1.) United Healthcare seeks an exemption or a good faith exception from TCPA liability for autodialed and prerecorded, informational, non-telemarketing calls to telephone numbers that have been reassigned, until the caller learns of the reassignment. (*Id.* at 4.) Relatedly, on January 31, 2014, ACA International submitted a petition for rulemaking that requested the FCC to establish an exemption for debt collectors who autodialed "wrong number" calls to reassigned wireless numbers. (*ACA* Petition.)

**II.    APPLICABLE LAW**

    **A.    Primary Jurisdiction Standard**

The doctrine of primary jurisdiction allows a court to stay or dismiss an action pending resolution "of an issue within the special competence of an administrative agency." *Clark v. Time Warner Cable*, 523 F.3d 1110, 1114 (9th Cir. 2008). Primary jurisdiction applies in a limited set of circumstances, "only if a claim requires resolution of an issue of first impression, or of a particularly complicated issue that Congress has committed to a regulatory agency, and if protection of the integrity of a regulatory scheme dictates preliminary resort to the agency which administers the scheme." *Id.* (internal citations and quotations omitted). Although "[n]o fixed formula exists for applying the doctrine of primary jurisdiction," *Davel Comm'ns, Inc. v. Qwest Corp.*, 460 F.3d 1075, 1086 (9th Cir. 2006), the Ninth Circuit has considered:

> (1) whether the issue is within the "conventional experiences of judges" or "involves technical or policy considerations within the agency's particular field of expertise;"
> (2) the extent to which the issue "is particularly within the agency's discretion;" and
> (3) if "there exists a substantial danger of inconsistent rulings."

*Maronyan*, 658 F.3d at 1048–49.[2] The Court must also balance the parties' need to resolve the action expeditiously against the benefits of obtaining a federal agency's expertise. Thus, "[t]he 'deciding factor' in determining whether the primary jurisdiction doctrine should apply is 'efficiency.'" *Reid v. Johnson & Johnson*, 780 F.3d 952, 967 (9th Cir. 2015) *(citing Rhoades v. Avon Prods., Inc.,* 504 F.3d 1151, 1165 (9th Cir.2007)).

---

[2] In determining whether the doctrine of primary jurisdiction applies, the Ninth Circuit also has considered: "(1) the need to resolve an issue that (2) has been placed by Congress within the jurisdiction of an administrative body having regulatory authority (3) pursuant to a statute that subjects an industry or activity to a comprehensive regulatory authority that (4) requires expertise or uniformity in administration." *Clark*, 523 F.3d at 1115 (citing *Syntek Semiconductor Co., Ltd., v. Microchip Tech. Corp.*, 307 F.3d 775, 781 (9th Cir. 2002)). These factors overlap with the *Maronyan* factors.

3

## III. DISCUSSION

The TCPA prohibits the use of an ATDS to place certain calls to cellular telephones without the called party's prior express consent. 47 U.S.C. § 227(b)(1). The key issue in the Complaint is whether, for purposes of the requirement of obtaining prior consent of the "called party" under Section 227(b)(1)(A), it is sufficient that consent was given by the "intended recipient" of the call, even if the cellular telephone number has been reassigned and no consent from the current subscriber (and *actual* recipient of the call) was obtained. Secondarily, Defendant raises the issue of whether non-telemarketing calls, such as the debt collection calls it places, should be exempt from the express consent requirement.

Defendant argues that issues raised by Plaintiff's Complaint are presently before the FCC for decision. It urges that granting a stay in this case is appropriate to allow the FCC to resolve these issues. Defendant argues that the *United* and *ACA* petitions, along with recent statements by FCC Commissioner Michael O'Reilly, indicate that the FCC will be taking "a hard look at its own precedent," and will provide guidance on questions of liability for calls made to reassigned cellphone numbers. (Dkt. No. 24, Ex. A.) Finally, Defendant cites several California district court cases where stays pending FCC action on these petitions were granted, and submits that the Court do the same here.

The Court is not persuaded. The Court finds that the primary jurisdiction factors do not weigh in favor of granting the motion to stay.[3]

---

[3] Indeed, one of the cases cited by Defendant as evidencing a "trend" of staying cases under these circumstances counsels against a stay. In *Heinrichs*, the district court subsequently dissolved the stay after determining that the FCC was unable to predict when it might reach a final decision on the petitions. *Compare Heinrichs v. Wells Fargo Bank, N.A.*, No. C 13-05434 WHA, 2014 WL 2142457 (N.D. Cal. Apr. 15, 2014) *with* Order Lifting Stay and Setting Case Management Conference, Dkt. No. 62, issued October 16, 2014, in that same case; *see also Jordan v. Nationstar Mortgage LLC*, No. 14-CV-00787-WHO, 2014 WL 5359000, at *12 (N.D. Cal. Oct. 20, 2014) (lifting stay for same reasons as in *Heinrichs*).

First, judges are well-suited to resolve the kinds of statutory interpretation questions at issue here. Defendant's argument essentially seeks to expand the definition of "called party," for purposes of consent, to include the *intended* recipient. The numerous court decisions on the meaning of "called party" demonstrate that such an interpretation is well within the conventional experience of judges. The Ninth Circuit has held that "prior express consent is consent to call a particular telephone number in connection with a particular debt that is given before the call in question is placed." *Meyer v. Portfolio Recovery Associates, LLC*, 707 F.3d 1036, 1042 (9th Cir. 2012). While the Ninth Circuit has not directly addressed the definition of "called party" under section 227(b)(1)(A), district courts in this circuit have generally rejected the "intended recipient" definition. *See Olney v. Progressive Cas. Ins. Co.,* No. 13–cv–02058, 2014 WL 294498, at *3 (S.D. Cal. Jan. 24, 2014); *Jordan v. Nationstar Mortgage LLC*, No. 14-CV-00787-WHO, 2014 WL 5359000, at *12 (N.D. Cal. Oct. 20, 2014) (describing a brief history of how the federal courts have interpreted the term "called party" to conclude that continuing a stay would unnecessarily delay the case). Likewise, the Courts of Appeal in the Seventh and Eleventh Circuits have held that "called party" means current subscriber, not "intended recipient." *See Soppet v. Enhanced Recovery Company., LLC,* 679 F.3d 637, 643 (7th Cir. 2012); *Osorio v. State Farm Bank, F.S.B.,* No. 13–cv–10951, 2014 WL 1258023, at *7 (11th Cir. 2014). Nothing about the interpretation of these statutory terms appears to require any special agency expertise. The fact that numerous courts have interpreted the term "called party" weighs against a stay on primary jurisdiction grounds.

Similarly, the issue of whether the TCPA applies to debt collection calls is within the expertise of the courts, and has been thoroughly addressed both by the courts and prior FCC rulings. The Ninth Circuit has held that debt collection calls are subject to TCPA liability. *Meyer*, 707 F.3d at 1045 (affirming preliminary injunction against defendant debt collector). No

5

exception from TCPA liability for non-telemarketing, debt collection calls currently exists. *See Iniguez v. The CBE Grp.*, 969 F. Supp. 2d 1241, 1247 (E.D. Cal. 2013) *reconsideration denied* (Dec. 5, 2013) ("There is no exception for debt collectors in the statute, nor does the statute permit any regulatory agency to make exceptions to the sections applicable to cellular numbers."); *see also Jordan*, 2014 WL 5359000, at *12 ("The FCC has determined that 'debt collectors can be responsible for any violation of the TCPA.'"); *Robinson v. Midland Funding, LLC,* 2011 WL 1434919, *5 (S.D. Cal. Apr. 13, 2011) ("The FCC has already issued a declaratory ruling stating debt collectors who make autodialed or prerecorded calls to a wireless number are responsible for any violation of the TCPA.")  No particular agency expertise is required to make this determination here.

Second, although Congress has delegated implementing authority over the TCPA to the FCC, including authority to determine the meaning of "called party," 47 U.S.C. § 227(b)(2), such authority does not preclude a court from undertaking the ordinary task of statutory construction. While the *ACA* and *United* Petitions are pending, they are two out of thousands of such petitions pending before the FCC.  The FCC's report on the status of those petitions gave no indication that the agency would resolve the issue soon, or at all.  *See Heinrichs,* No. 13–05434–WHA, Dkt. No. 58; *see also Jordan v. Nationstar Mortgage LLC*, No. 14-CV-00787-WHO, 2014 WL 5359000, at *1 (N.D. Cal. Oct. 20, 2014) (lifting stay of litigation based, in part, upon FCC's response in *Heinrichs*).

Third, while some risk exists that the FCC will make a decision on the petitions that is inconsistent with the court's ultimate decision here, that risk does not weigh significantly in favor of a stay since that interpretation of the meaning of "called party" has been undertaken by numerous courts already.

Finally, the Court's obligation to provide a just, speedy, and efficient determination of this

6

case weighs against the possible benefits of awaiting an FCC decision on the identified petitions. Indeed, while resolution of the petitions may be useful, it is not certain that it would be dispositive of all issues raised in the complaint here.

### IV. CONCLUSION

Accordingly, the Motion to Stay on Primary Jurisdiction Grounds is **DENIED**.

This terminates Docket No. 24.

**IT IS SO ORDERED.**

Dated: April 13, 2015

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**